Submitted on respondent's and appellant's petitions for reconsideration* allowed January 26, decision adhered to and remanded to the circuit court for further proceedings November 18, 1993

STATE OF OREGON,
*Respondent,*

*v.*

ROBERT PAUL LANGLEY, JR.,
*Appellant.*

(CC 88-C-21624; SC S36746)

861 P2d 1012

Janet A. Metcalf and Brenda J Peterson, Assistant Attorneys General, Salem, filed a petition for reconsideration for the State of Oregon. With them on the petition were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Robert P. Langley, Jr., filed a petition for reconsideration *pro se.*

CARSON, C. J.

---

* Automatic and direct review of the judgment of convictions and sentence of death imposed by the Marion County Circuit Court, Richard D. Barber, Judge. 314 Or 247, 839 P2d 692 (1992).

## CARSON, C. J.

In December 1989, a Marion County jury convicted defendant of 16 counts of aggravated murder arising out of the 1987 disappearance and death of Anne Gray. The trial court instructed the jury that, if the jury answered one or more of the four questions necessary for the imposition of the death penalty negatively, the penalty must be "life imprisonment without the possibility of parole, unless 10 or more members of the jury further find that there are sufficient mitigating circumstances to warrant life imprisonment with possibility of parole." After the jury unanimously answered "yes" to all four questions, the trial judge entered a judgment, convicting defendant of aggravated murder and sentencing him to death.

The case came before this court on automatic and direct review in 1991. This court issued an opinion, affirming all but one of the convictions, finding an error in the penalty phase, vacating the sentence of death, and remanding the case to the circuit court for resentencing. *State v. Langley*, 314 Or 247, 839 P2d 692 (1992). In January 1993, this court allowed petitions for reconsideration filed by both defendant and the state, primarily to consider the retroactive application of a sentencing option.

When the murder was committed, ORS 163.150 provided two possible sentences for aggravated murder: death, if the jury made the requisite statutory findings; or life imprisonment, defined as imprisonment for a minimum of 30 years. *Former* ORS 163.105(1) (1987). In 1989, the legislature amended ORS 163.150(2)(a) to make life imprisonment without possibility of parole the presumptive sentence when a jury returns a finding not supporting the death penalty. Under the amended statute, life imprisonment with possibility of parole only is to be imposed upon a finding of mitigating circumstances by 10 or more members of the jury. ORS 163.150(2)(b). The legislature made the amended provisions of ORS 163.150(2) applicable "only to trials commencing on or after July 19, 1989." ORS 163.150(4). On direct review, defendant challenged the jury instruction that advised jurors that life imprisonment without possibility of parole was the presumptive sentence when death was not supported by the jury's findings, as violating the *ex post facto*

clauses of the Oregon Constitution and the Constitution of the United States.

In its original disposition of *State v. Langley*, this court noted:

> "Defendant's supplemental *pro se* brief also raises other arguments challenging the constitutionality of the death penalty sentencing scheme. Those arguments relate to the sentence of life imprisonment without the possibility of parole. *See* ORS 163.150(2) (following negative jury finding on death penalty, trial court shall sentence defendant to life without possibility of parole unless 10 or more jurors find mitigating circumstances sufficient to warrant life imprisonment). *We need not address defendant's arguments because the 'life without parole' option was added to the statutory scheme in 1989; in any new penalty phase proceeding, defendant will be sentenced under the statutory scheme in force in 1987 or 1988, when the crime was committed. See State v. Isom, 313 Or 391, 395, 837 P2d 491 (1992) ('It is clear \* \* \* that the legislature intends that Oregon courts sentence criminal defendants under the statutory scheme in force when a particular criminal act was committed.').*" 314 Or at 254 n 5. (Emphasis added.)

Following the original opinion in *State v. Langley*, this court addressed the retroactive application of life imprisonment without possibility of parole in *State v. Wille*, 317 Or 487, 501-05, 858 P2d 128 (1993). The defendant in *State v. Wille* committed aggravated murder in February 1989, before the 1989 legislature amended the sentencing options. *Id.* at 503. At sentencing, the trial court sentenced Wille to life imprisonment without possibility of parole, pursuant to ORS 163.150(2)(a). *Id.* at 489. This court vacated the sentence and held that, in the particular circumstances of that case, "[r]etroactive imposition of [the life imprisonment without possibility of parole sentencing option] violated Article I, section 21, of the Oregon Constitution, and Article I, section 10, of the Constitution of the United States." *Id.* at 505.

Pursuant to *Wille*, defendant constitutionally could not have been sentenced under the life imprisonment without possibility of parole sentencing option, and the trial court incorrectly instructed the jury on that option. Therefore, footnote 5 of *State v. Langley* correctly states that defendant

must be sentenced on remand under the sentencing provisions in force at the time that the murder was committed.

Defendant raises a number of additional grounds for reconsideration. We have considered them and conclude that none of them is persuasive.

We adhere to our original decision and remand to the circuit court for further proceedings consistent with this court's decisions in *State v. Langley*, 314 Or 247, 839 P2d 692 (1992), and *State v. Wille*, 317 Or 487, 858 P2d 128 (1993).