Argued and submitted October 26, 2004, conviction of possession of a precursor substance with intent to manufacture reversed; otherwise affirmed January 12, 2005

STATE OF OREGON,
*Respondent,*

*v.*

ISIDRO JESUS MORENO,
*Appellant.*

02CR 0426; A119340

104 P3d 628

Rankin Johnson IV, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges

LINDER, J.

**LINDER, J.**

Defendant appeals his conviction for possession of a precursor substance with intent to manufacture, ORS 475.967, assigning error to the denial of his motion for a judgment of acquittal. On appeal, the only issue is whether stealing and possessing a large quantity of pseudoephedrine is sufficient to support a finding, beyond a reasonable doubt, that defendant intended to manufacture methamphetamine. We conclude that it is not, and we therefore reverse in part.[1]

The pertinent facts are relatively few.[2] Defendant stole five packages of Sudafed cold medicine, containing a total of approximately 15 grams of pseudoephedrine, from a Rite-Aid pharmacy. Police apprehended him at a nearby apartment complex. Defendant admitted to police that he stole the Sudafed and that he intended to sell it on the street for money, stating that "[s]omebody on the street needs it." Defendant acknowledged to police that he knew that Sudafed contains pseudoephedrine and that pseudoephedrine is a precursor substance used to manufacture methamphetamine. Defendant denied, however, that he intended personally to manufacture methamphetamine or that he even knew how to manufacture it.

Defendant was charged with and convicted of possession of a precursor substance (pseudoephedrine) with intent to manufacture a controlled substance (methamphetamine), ORS 475.967. At trial, in addition to establishing the facts of defendant's theft and his statements to police, the state also established the street uses to which pseudoephedrine is put and the ways in which the drug is obtained. In particular, according to police, the only plausible street use for such a large quantity of pseudoephedrine is to manufacture methamphetamine. Police therefore are involved in tracking

---

[1] Defendant was also charged with and convicted of unlawful possession of pseudoephedrine, ORS 475.973, and theft in the second degree, ORS 164.045. On appeal, defendant does not challenge those convictions.

[2] We set forth the facts in the light most favorable to the state. *State v. Evans*, 161 Or App 86, 89, 983 P2d 1055 (1999) (on judgment of conviction, facts are viewed in the light most favorable to the state to determine whether any rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt).

suspicious purchases, and individuals who manufacture methamphetamine generally are aware of that fact. As a result, to avoid personal detection, individuals manufacturing methamphetamine commonly use other people to purchase drugs such as Sudafed that contain pseudoephedrine. On the street, Sudafed can sell for two to three times its normal retail value.

At the close of the state's case, defendant moved for a judgment of acquittal, arguing that there was no evidence from which the jury could find that he intended to personally manufacture methamphetamine. The trial court denied the motion, reasoning:

> "The information before the jury is that the defendant attempted to steal a larger than normal use quantity of Pseudoephedrine. That the defendant intended to sell that on the street. That Pseudoephedrine is a required product of the manufacture of meth. And that on the street it's sometimes worth two or three or four times more than what it would be in the store. That you can not legally purchase more than 9 grams, other than under certain circumstances. And is that sufficient for a reasonable juror to find the defendant guilty of Possession of a Precursor with Intent to Manufacture?

> "Looking at the evidence in the light most favorable to the State the motion is denied."

On appeal, the parties renew the arguments they made below. Defendant asserts that the state presented no evidence from which a jury reasonably could find that he intended personally to manufacture methamphetamine. At most, according to defendant, he intended to sell the Sudafed to someone else who would manufacture methamphetamine, which establishes his knowledge that the Sudafed would be used in that way but not his intent that it be so used. In response, the state points to the quantity of the Sudafed in defendant's possession, coupled with his admission that he knew that it is used to manufacture methamphetamine. According to the state, that evidence permitted an inference that defendant personally was going to manufacture methamphetamine or was acting "in concert" with someone else who would perform the actual manufacturing steps. Alternatively, the state argues that the evidence permitted the

jury to find defendant guilty on the theory that he was aiding and abetting someone else in the manufacture of methamphetamine. As we explain below, we agree with defendant.

Under ORS 475.967,

"[a] person commits the crime of possession of a precursor substance with intent to manufacture a controlled substance if the person possesses one or more precursor substances with the intent to manufacture a controlled substance in violation of ORS 475.992(1)."

" 'Manufacture' means the production, preparation, propagation, compounding, conversion or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis[.]" ORS 475.005(15). "Intent" means that "a person acts with a conscious objective to cause the result or to engage in the conduct so described." ORS 161.085(7). Thus, to convict a defendant of possession of a precursor substance with intent to manufacture, the state must prove the following: (1) the defendant possessed some amount of a precursor substance; and (2) the defendant did so with the conscious objective of extracting pseudoephedrine and converting it to methamphetamine.

The state's burden in that regard differs significantly from its burden in proving the offense of possession of pseudoephedrine, which is prohibited by ORS 475.973(1)(a):

"[A] person commits the crime of unlawful possession of ephedrine, pseudoephedrine or phenylpropanolamine if the person knowingly possesses more than nine grams of ephedrine, pseudoephedrine or phenylpropanolamine * * *."

Violation of that statute is a Class A misdemeanor. ORS 475.973(5)(a). By contrast, possession of a precursor substance with intent to manufacture is a Class B felony. ORS 475.967(2). The key distinctions between the two offenses are the person's mental state and the amount of the pseudoephedrine that the person must possess. The misdemeanor offense is committed by the knowing possession of more than nine grams of pseudoephedrine. The felony offense is committed by possession of any amount, as long as the possession

is with the heightened and more specific mental state of intent to manufacture (*i.e.*, the conscious objective to extract pseudoephedrine and convert it to methamphetamine).

In this case, the evidence was ample to establish defendant's guilt of the misdemeanor offense, but it falls short of providing a basis for a reasonable jury to infer that defendant had the intent required for the felony offense. The direct evidence reduces to proof that defendant stole and possessed 15 grams of Sudafed and that he claimed to have done so to sell it for money on the street. As the state correctly argues, the jury was free to disbelieve defendant's statements to police about his intent to sell it. But, contrary to the state's position, simply disbelieving defendant in that regard does not provide a basis to reasonably infer that defendant consciously intended to extract the pseudoephedrine himself and make methamphetamine with it. The problem with drawing that inference here—or at least, with drawing it beyond a reasonable doubt—is that the only evidentiary support for it is the mere fact of defendant's possession of 15 grams of Sudafed. The state had presented no evidence that defendant knew how to extract the pseudoephedrine from Sudafed or how to turn that precursor substance into methamphetamine. Nor does the record suggest that defendant owned or possessed any paraphernalia or chemicals associated with methamphetamine manufacture or that he has a residence or other physical site where he could engage in manufacturing methamphetamine. *See State v. Brown*, 109 Or App 636, 644-45, 820 P2d 878 (1991), *rev den*, 313 Or 210 (1992) (evidence that defendant had taken the steps necessary to manufacture methamphetamine sufficient when defendant "possessed precursor chemicals, laboratory equipment, formulas and other" necessary materials).

In effect, the state asks us to conclude that a jury could infer the requisite "conscious objective to" manufacture methamphetamine from the same facts that constitute the misdemeanor offense of possession of pseudoephedrine. On this record, however, such an inference requires too great a leap and would require speculation, rather than logical inference. *See State v. Lopez-Medina*, 143 Or App 195, 201, 923 P2d 1240 (1996) (evidence is insufficient to support an inference when the conclusion to be drawn from it requires "too

great an inferential leap" because the logic is too strained). The same is true of any inference that defendant was working "in concert" with a specific individual who had the wherewithal to manufacture methamphetamine and the physical equipment and site to do it. Not a shred of evidence in this record suggests the existence of such a person.

Nor is the state's case aided if, alternatively, the jury believed—as it reasonably could—that defendant stole the Sudafed intending to sell it on the street for money. To be sure, the jury in that event reasonably could then also conclude that defendant, in intending to sell it, knew that whoever bought it would likely—if not certainly—use it to make methamphetamine. But defendant is correct that such evidence establishes only that he acted with knowledge of how the Sudafed would be used, not with a "conscious objective" that it be used in that way. Nothing in the record suggests that defendant had a personal interest in selling the Sudafed that went beyond his desire to get money. For example, there is no evidence that he would be paid with some of the methamphetamine produced. Without anything more than defendant's admission that he hoped to sell the Sudafed on the street for money, the jury could not reasonably infer that defendant had the conscious *objective* to have the buyer make methamphetamine out of it, as opposed to the conscious *awareness*—that is, knowledge—that the buyer likely would do so. Knowledge, however, is not enough to establish liability on the state's alternative theory that defendant aided and abetted another in the commission of the crime. The mental state required for criminal liability on an aid and abet theory is essentially the same as for a principal's liability in this circumstance. A person is guilty of a crime committed by another if that person, "*with the intent to promote or facilitate the commission of the crime*," aids and abets the "other person in planning or committing the crime." ORS 161.155(2) (emphasis added).[3]

For those reasons, we conclude that the established facts are too few and too limited to support the inference that

---

[3] Because of that conclusion, we need not reach defendant's argument that, in the context of aiding and abetting, an accomplice is criminally liable only for a crime that is actually committed.

the state needed to establish—namely, that defendant had the requisite intent to manufacture. Defendant's motion for a judgment of acquittal should have been granted.

Conviction of possession of a precursor substance with intent to manufacture reversed; otherwise affirmed.