Submitted May 25, affirmed August 31, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHAUNCEY KINTE MCATEE,
*Defendant-Appellant.*

Multnomah County Circuit Court
080431930; A142096

261 P3d 1284

Peter Gartlan, Chief Defender, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Rosenblum, Senior Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Defendant appeals from a judgment of conviction of identity theft, ORS 165.800. On appeal, he assigns error to the trial court's denial of his motion for judgment of acquittal, arguing that his mere possession of a stolen identification card and credit card, without more, was not legally sufficient evidence of intent to deceive or defraud. We conclude that that evidence was legally sufficient under the circumstances presented here and, accordingly, affirm.

The facts, stated in the light most favorable to the state, *State v. Langley*, 314 Or 247, 249, 839 P2d 692 (1992), *adh'd to on recons*, 318 Or 28, 861 P2d 1012 (1993), are as follows. Defendant and his companion were passengers on a city bus. Dockter, a passenger sitting near defendant, observed defendant rummaging through a bag placed under the seat of the victim, who was sitting in the seat in front of defendant. Dockter reported what he had seen to the victim, and she discovered that her wallet, which contained her identification card, credit cards, and bus tickets, was missing. She and Dockter followed defendant and his companion off the bus and then confronted them about the missing items. Defendant denied having the wallet, asserted that another passenger had gone through the victim's bag, and invited her to search him if she wanted. The victim at first gave up and walked away, but kept an eye on defendant and a short time later called the police.

Officers Stradley and Scott responded to the call. Stradley approached defendant and informed him that he was investigating the theft of a wallet or purse. Defendant said that he knew of the theft, but identified a different bus passenger as the culprit, and offered a description of that person. Defendant was extremely cooperative and offered several times to allow the officers to search him. Stradley eventually searched defendant and found the victim's identification card and credit card in his front pocket. Defendant then admitted taking the victim's wallet, keeping the identification card and credit card, and throwing the rest away in the women's restroom of a restaurant where Scott later recovered the wallet. Stradley recovered the bus tickets from defendant's companion.

Defendant was charged with identity theft and theft in the third degree. At trial, the two officers, both of whom had worked on over 50 such cases, testified that the theft of an identification card and credit card in tandem is reason for concern regarding identity theft because of how easily and quickly such information can be used for that purpose. At the close of the state's case, defendant moved for a judgment of acquittal as to the identity theft charge, arguing that possession, without more, is not sufficient to prove intent to deceive and defraud under ORS 165.800(1).[1] The court denied the motion, the jury found defendant guilty of both counts, and defendant now appeals his identity theft conviction.

On appeal, defendant renews his argument that mere possession of the identification card and credit card was not sufficient to prove intent. Relying on *State v. Moreno*, 197 Or App 59, 104 P3d 628 (2005), defendant asserts that his "choice to retain the driver's license and the credit card may support an inference that defendant selected the cards because he thought they were valuable; however it does not alone indicate what defendant specifically intended to do with the victim's personal identification." The state responds that the circumstances surrounding defendant's possession of the identification card and credit card were sufficient to allow a reasonable jury to find the intent to deceive or defraud.

We review the denial of a motion for judgment of acquittal to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found that the essential elements of the offense were proved beyond a reasonable doubt. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994). The following principles apply:

> "In establishing [an] element, the state may rely on circumstantial evidence and reasonable inferences flowing from that evidence. An inferred fact must be one that the jury is convinced follows beyond a reasonable doubt from the underlying facts. But the requirement that the jury be

---

[1] ORS 165.800(1) provides:

"A person commits the crime of identity theft if the person, with the intent to deceive or to defraud, obtains, possesses, transfers, creates, utters or converts to the person's own use the personal identification of another person."

convinced beyond a reasonable doubt does not mean that a particular inference must inevitably follow from the established facts. Rather, the established facts may support multiple reasonable inferences and, if they do, which inference to draw is for the jury to decide.

"Whether particular circumstantial evidence is sufficient to support a particular inference, however, is a legal question for a court to decide. 'There is a difference between inferences that may be drawn from circumstantial evidence and mere speculation.' *State v. Vaughn*, 175 Or App 192, 201, 28 P3d 636 (2001). Reasonable inferences are permissible; speculation and guesswork are not. As we have observed before, the line between permissible inferences and impermissible speculation is 'sometimes faint.' *Hutchinson and Hutchinson*, 187 Or App 733, 741, 69 P3d 815 (2003). The line is also sometimes difficult to articulate with precision. But we agree with the federal courts, which frequently describe it in these terms:

" 'The line between a reasonable inference that may permissibly be drawn by a jury from basic facts in evidence and an impermissible speculation is not drawn by judicial idiosyncrasies. The line is drawn by the laws of logic. If there is an experience of logical probability that an ultimate fact will follow a stated narrative or historical fact, then the jury is given the opportunity to draw a conclusion because there is a reasonable probability that the conclusion flows from the proven facts * * *. *Galloway v. United States*, 319 US 372, 395, 63 S Ct 1077, 87 L Ed 1458 (1943).'

"*Tose v. First Pennsylvania Bank, N.A.*, 648 F2d 879, 895 (3rd Cir), *cert den*, 454 US 893 (1981)."

*State v. Bivins*, 191 Or App 460, 466-67, 83 P3d 379 (2004) (some citations omitted).

Based on those principles, we conclude from the surrounding circumstances—including defendant's choice to steal the victim's entire wallet but keep only her identification card and credit card—that the state presented legally sufficient evidence for a jury logically to infer defendant's intent to deceive or defraud beyond a reasonable doubt.

We begin by contrasting this case with *Moreno*, on which defendant relies. There, the issue was whether evidence that the defendant stole and possessed five packages of a cold medicine containing pseudoephedrine, with the admitted intent to sell it on the street, was sufficient to prove that he intended personally to manufacture methamphetamine. 197 Or App at 61-62. There was no evidence that the defendant had the capacity to extract the pseudoephedrine or convert it into methamphetamine. *Id*. at 64. We concluded that the mere fact of possession, without more, was insufficient to support an inference that the defendant had the conscious objective to produce methamphetamine. *Id*. at 64-66.

Here, by contrast, defendant's actions show more than mere possession of items that could be used with criminal intent. Defendant rummaged through the victim's bag and stole her wallet, and he admitted that he took the identification card and the credit card but discarded the rest of the wallet. As the officers testified, possession of both items enables the rapid theft of another's identity. Those facts allow a logical inference that defendant made a deliberate choice to steal and keep only those items that would be useful for identity theft and that he did so with the intent to use the information to deceive or defraud.

This case also differs from *State v. Martin*, 243 Or App 528, 530, 260 P3d 197 (2011), in which the defendant was found to possess another person's Oregon DMV identification card. In *Martin*, the defendant had stated that he had found the identification card in a wallet but refused to account for the whereabouts of the wallet. In addition, the person in the identification card looked similar to the defendant. The state contended that those facts created an inference that the defendant intended to use the identification card to deceive or defraud. *Id*. at 533-34. We concluded that those facts were not sufficient to support an inference that the defendant's mere possession of another person's identification card indicated intent to use the card to deceive or defraud. *Id*.

Here, there were additional facts beyond the evidence of possession of the identification card to support the inference that the defendant intended to deceive or defraud.

Defendant additionally possessed a credit card that he had picked out before discarding the rest of the wallet. Defendant's conduct of choosing to steal only a wallet after rummaging through the victim's bag and then choosing to keep only those items that could easily be used to steal another's identity allows a reasonable inference that he intended to use them for that purpose. Given the ease with which those items can be used to steal another's identity and the lack of legitimate uses to which those items could be put, a reasonable factfinder could infer that defendant intended to use the items to deceive or defraud.

Affirmed.