Submitted June 17, 2011, affirmed April 4, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DENNIS DEWAYNE ELLIOTT,
aka Dennis Dewayne Elliot,
*Defendant-Appellant.*

Multnomah County Circuit Court
080933833; A141606

275 P3d 184

Bronson D. James and Bronson James, LLC, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Brewer, Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Following a jury trial, defendant was convicted of one count of second-degree burglary, ORS 164.215, one count of second-degree theft, ORS 164.045, four counts of identity theft, ORS 165.800, and one count of second-degree criminal mischief, ORS 164.354. On appeal, defendant raises six assignments of error; we write to address the first four, all of which present the same legal question, and reject his remaining assignments of error without discussion. In his first four assignments of error, defendant contends that the trial court erred in denying his motions for judgment of acquittal on the four identity theft charges. As to each charge, he contends that the evidence was legally insufficient to establish, beyond a reasonable doubt, his intent to deceive or defraud. Applying our recent decision in *State v. McAtee*, 245 Or App 233, 261 P3d 1284 (2011), we conclude that the evidence was legally sufficient and, accordingly, affirm.

We state the facts in the light most favorable to the state. *State v. Langley*, 314 Or 247, 249, 839 P2d 692 (1992), *adh'd to on recons*, 318 Or 28, 861 P2d 1012 (1993). Defendant entered a private office, rummaged through a desk in that office, and stole five credit cards, two checks, and a personal digital assistant (PDA). The credit cards, which contained the names of four different employees, were located inside a desk drawer. The checks were taken at random from the middle of a checkbook, which was hidden under a series of papers in a separate drawer. The PDA was located on top of the desk next to a computer monitor.

After taking the items, defendant exited the building, where he was confronted by his supervising probation officer. Defendant took off running and, as he ran, emptied the stolen items from his pockets. A short time later, defendant was taken into custody. Defendant was interviewed by Officer Glass, who specialized in investigating allegations of identity theft. Defendant admitted to Glass that he had stolen the items and that he knew that those items could be used to commit identity theft.

Defendant was charged with, among other crimes, four counts of identity theft. At trial, Glass testified that it is "very easy" to use a stolen credit card:

> "Well, typically, there's a couple of scenarios that can happen. One is you represent yourself to be the owner of that account and you go in and make a purchase and sign the credit receipt with the name on the * * * credit card account.

> "Two, you can scratch off the magnetic strip on the back of the card so that when a merchant runs it through the card reader it won't tell the merchant that the card is a stolen card. It won't give the merchant any information about who actually is supposed to be in possession of that card. And you complete your purchase and represent yourself to be that person or another person."

Glass further testified that

> "it's a rare circumstance where a merchant will actually compare a driver's license signature to the signature on the back of the credit card or the signature on the credit card to the actual signature on the signed slip."

At the close of the state's case, defendant moved for judgments of acquittal as to the four identity theft charges, arguing that evidence that he stole and possessed the items was insufficient to prove intent to deceive or defraud under ORS 165.800(1).[1] The trial court denied the motions, and defendant was convicted on all four counts.

On appeal, defendant reiterates his argument below that evidence that he stole and possessed the items was insufficient to prove intent to deceive or defraud. Defendant asserts that his "choice to steal the credit cards may support an inference that defendant selected the cards because he thought they were valuable; however, it does not alone indicate what defendant specifically intended to do with the victim's personal identification."[2] The state responds that the

---

[1] ORS 165.800(1) provides:

"A person commits the crime of identity theft if the person, with the intent to deceive or to defraud, obtains, possesses, transfers, creates, utters or converts to the person's own use the personal identification of another person."

[2] Defendant's theory at trial was that he had stolen the items to sell or trade on the street for drugs.

evidence was sufficient for the jury to reasonably infer that defendant possessed the items with the intent to deceive or defraud.

We conclude that evidence of the circumstances surrounding defendant's theft and possession of the credit cards was sufficient to prove his intent to deceive or defraud. We review a trial court's denial of a motion for judgment of acquittal to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found that the state proved all the essential elements of the offense beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). As we noted in *McAtee*, the following principles are especially relevant in assessing the sufficiency of the evidence:

> "In establishing [an] element, the state may rely on circumstantial evidence and reasonable inferences flowing from that evidence. An inferred fact must be one that the jury is convinced follows beyond a reasonable doubt from the underlying facts. But the requirement that the jury be convinced beyond a reasonable doubt does not mean that a particular inference must inevitably follow from the established facts. Rather, the established facts may support multiple reasonable inferences and, if they do, which inference to draw is for the jury to decide.

> "Whether particular circumstantial evidence is sufficient to support a particular inference, however, is a legal question for a court to decide. There is a difference between inferences that may be drawn from circumstantial evidence and mere speculation. Reasonable inferences are permissible; speculation and guesswork are not. As we have observed before, the line between permissible inferences and impermissible speculation is sometimes faint. The line is also sometimes difficult to articulate with precision. But we agree with the federal courts, which frequently describe it in these terms:

> > "The line between a reasonable inference that may permissibly be drawn by a jury from basic facts in evidence and an impermissible speculation is not drawn by judicial idiosyncrasies. The line is drawn by the laws of logic. If there is an experience of logical probability that an ultimate fact will follow a stated narrative or historical fact, then the jury is given the opportunity to draw a conclusion because there is a reasonable

probability that the conclusion flows from the proven facts * * *."

245 Or App at 236-37 (citations and internal quotation marks omitted).

In *McAtee*, the defendant admitted to taking the victim's wallet out of her bag, keeping her identification card and credit card, and then disposing of the wallet and the rest of its contents in a women's restroom. *Id.* at 235. The defendant was charged with one count of identity theft. *Id.* at 236. At trial, officers testified that the "theft of an identification card and credit card in tandem is reason for concern regarding identity theft because of how easily and quickly such information can be used for that purpose." *Id.* On appeal, the defendant challenged the denial of his motion for a judgment of acquittal, contending that evidence that he possessed the identification card and credit card was not sufficient to prove the intent to deceive or defraud. *Id.* We rejected that argument, concluding that the

"[d]efendant's conduct of choosing to steal only a wallet after rummaging through the victim's bag and then choosing to keep only those items that could easily be used to steal another's identity allows a reasonable inference that he intended to use them for that purpose. Given the ease with which those items can be used to steal another's identity and the lack of legitimate uses to which those items could be put, a reasonable factfinder could infer that defendant intended to use the items to deceive or defraud."

*Id.* at 239. Accordingly, in *McAtee*, we necessarily concluded that, given the circumstances of that case, there was a reasonable probability that the defendant intended to deceive or defraud.

The circumstances in this case are materially indistinguishable from those in *McAtee*. Although defendant rummaged through the desk where the stolen items were located, he took only items that could be used to steal another's identity. Moreover, in addition to the checks and PDA, defendant stole five credit cards, which, as Glass testified at trial, are "very easy" to use for that purpose. As in *McAtee*, given those circumstances, we conclude that there was a reasonable probability that defendant intended to deceive or defraud.

Accordingly, the evidence was legally sufficient to permit the jury to infer defendant's intent to deceive or defraud beyond a reasonable doubt.

Affirmed.