ORTEGA, P.J.
*32 *66 Defendant appeals a conviction for identity theft, ORS 165.800, assigning error to the trial court's denial of his motion for judgment of acquittal. Defendant asserts that the evidence presented at trial was insufficient to establish that he acted with the "intent to defraud" under ORS 165.800(1). According to defendant, "intent to defraud" means the intent to interfere with another person's legal right or interest, and he asserts that the evidence established only that he received a social benefit. The state counters that "intend to defraud" includes intent to harm another person's reputation and, because defendant used the identity of a teacher to reach out to her former students with sexual and flirtatious messages, the evidence was sufficient to find that he intended to cause reputational harm to the teacher, and, therefore, to convict him under the statute. We conclude that the evidence was legally insufficient to support an inference that defendant acted with the "intent to defraud" within the meaning of ORS 165.800(1). Accordingly, we reverse.
Defendant waived his right to a jury trial and proceeded to a stipulated facts bench trial. We state those facts in the light most favorable to the state. State v. Cunningham , 320 Or. 47, 63, 880 P.2d 431 (1994), cert. den. , 514 U.S. 1005, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995). Defendant created a Facebook account under the name of a teacher at Falcon Heights Academy, A. To create the profile, defendant took pictures from A's Facebook page-which was a public profile-as well as her first name. Once the account was set up, defendant began contacting former students of A. The messages were sexual and flirtatious, and one of the former students reported the messages to A, who then reported the incident to local law enforcement. When A learned that defendant might be the culprit, she reported it to the police. An officer interviewed defendant, and he admitted to creating a fake profile using A's images and her name. Defendant claimed that he had created the account in an effort to gain information about a woman he once dated and used A's pictures because it gave him "greater access." Defendant was arrested and charged with identity theft based on intent to defraud under ORS 165.800.
*67 We begin with the text of the relevant statute, which provides necessary context. ORS 165.800(1) provides that
"[a] person commits the crime of identity theft if the person, with the intent to deceive or to defraud , obtains, possesses, transfers, creates, utters or converts to the person's own use the personal identification of another person."[1]
(Emphasis added.) In State v. Alvarez-Amador , 235 Or.App. 402, 407, 232 P.3d 989 (2010), we concluded that a person acts with the "intent to defraud" under ORS 165.800(1) when a person intends "to cause injury to another's legal rights or interests." In that case, the defendant provided a false Social Security number on his Form I-9, and we determined that a jury could infer that the defendant intended to injure the legal interest of the federal government in enforcing its laws when he made misrepresentations on his form. Id. We also concluded that a factfinder could infer that the defendant intended to defraud his employer because he was able to secure a job that "he was not legally eligible to have." Id.
In State v. Mullen , 245 Or.App. 671, 263 P.3d 1146 (2011), rev. den. , 352 Or. 25, 281 P.3d 261 (2012), on which the state relies, we did not address what is necessary to show intent to defraud; instead, in addressing who is considered a "victim" under ORS 165.800, *33 we concluded that a risk of loss is protected under the statute even if it does not materialize. There, we were tasked with deciding whether three individuals whose personal information was possessed by the defendant, but not actually used to deceive or defraud, were "separate victims" under ORS 161.067(2) for the purpose of justifying multiple convictions of identity theft. Id. at 674, 263 P.3d 1146. To make that determination, we examined who is considered a "victim" under ORS 165.800. Id. at 675, 263 P.3d 1146. We concluded that the three individuals were victims-"that a person whose identity is misappropriated is a 'victim' for purposes of identity theft." Id . We also reasoned that the person whose identity was misappropriated need not actually suffer economic harm but that it was sufficient that the persons whose personal information was taken were at "a risk of loss from the exposure of their identification to misuse," including the risk *68 of "economic or reputational injury." Id . at 677-78, 263 P.3d 1146 (emphasis added). We noted that such a victim
"is disadvantaged [by identity theft] because [her] personal identification could be used by another person for deceptive or fraudulent ends. It is immaterial whether that risk is realized or whether economic or reputational injury actually occurs. As noted, the text of the statute does not require a completed act of deception or fraud. That reflects the legislature's determination that the risk of loss is itself a harm that occurs when one's identification is possessed by someone with an intent to deceive or defraud."
Id. at 678, 263 P.3d 1146.
We return to the question at issue in this case. Defendant argues on appeal, as he did below, that the evidence was legally insufficient to establish that he acted with the "intent to defraud" as charged and therefore was insufficient to convict him of identity theft. He argues that, because he only contacted A's former students to get their attention, which he claims was a social benefit, his case is distinguishable from Alvarez-Amador -that is, he did not use A's information to create the fake Facebook profile with the intent to interfere with a legal right or interest, nor did he obtain a benefit that he was legally barred from having had he used his true identity.
In response, the state argues that Mullen expanded our holding in Alvarez-Amador and asserts that we established in Mullen that a person's interest in her reputation is a legal right or interest protected under the statute. Accordingly, under the state's view, the evidence was legally sufficient to convict defendant under ORS 165.800(1). The state asserts that defendant admitted to using A's pictures and her name to send inappropriate messages to her former students and, because A was a teacher, the factfinder could infer that defendant intended to cause her reputational harm regardless of whether he succeeded in harming her reputation.
The state misreads Mullen . Our conclusion in that case neither addressed nor altered the meaning of intent to defraud that we arrived at in Alvarez-Amador . That is, we concluded in Mullen that the elements of identity theft under ORS 165.800 could be established if the defendant *69 had (1) the intent to deceive or defraud (but need not actually deceive or defraud); and that (2) the defendant's misappropriation of another person's personal identification creates a risk of reputational injury or economic loss because of that misappropriation. See id . at 679, 263 P.3d 1146 (the "legislative history suggests that the identity theft statute is concerned with the misappropriation of persons' identities for the purpose of financial or pecuniary gain and that a person who is subjected to the risk of loss as a result of that misappropriation is a victim of the crime").[2] The state *34 conflates those two elements. Put differently, Mullen does not stand for the proposition that one can evince an intent to defraud another person by creating a risk of reputational injury; rather, its reference to the risk of reputational injury spoke to the question of when a misappropriation of identity occurs.
Consequently, the issue here is the one that defendant argues: whether the state presented legally sufficient evidence that defendant had the "intent to defraud" as described in Alvarez-Amador -that is, "an intent to cause injury to another's legal rights or interests." [3] 235 Or.App. at 407, 232 P.3d 989. In defendant's view, the state failed to present legally sufficient evidence that he intended to interfere with or injure any legal rights or interests when he contacted A's former students using her persona.
We review the denial of a motion for judgment of acquittal to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the offense proved beyond a reasonable doubt. State v. Cervantes , 319 Or. 121, 125, 873 P.2d 316 (1994). To establish an element of the *70 crime, "the state may rely on circumstantial evidence and reasonable inferences flowing from that evidence." State v. Bivins , 191 Or.App. 460, 466, 83 P.3d 379 (2004). "Whether particular circumstantial evidence is sufficient to support a particular inference, however, is a legal question for a court to decide. There is a difference between inferences that may be drawn from circumstantial evidence and mere speculation. Reasonable inferences are permissible; speculation and guesswork are not." State v. McAtee , 245 Or.App. 233, 237, 261 P.3d 1284 (2011) (internal citations omitted). "[E]stablished facts may support multiple reasonable inferences and * * * which inferences to draw is for the jury to decide." Bivins , 191 Or.App. at 467, 83 P.3d 379.
Here, the state failed to produce legally sufficient evidence that defendant acted with the intent to defraud within the meaning of ORS 165.800(1). The evidence presented at trial consisted of the messages that defendant sent to A's former students, the pictures he used to create the profile, statements from A and her former students about what defendant did, and defendant's own admission that he used A's name and pictures from her Facebook page to contact her former students.
From that evidence, it can be inferred that defendant intended to contact A's former students for personal reasons and that he intended to deceive them. It also can be inferred that defendant did so with an awareness of the fact that he would injure A's reputation. However, "intent to defraud" requires more than a knowing or even reckless mental state; it requires that a defendant act with a specific intent-that is, a conscious objective -of causing the injury to another's legal rights or interest. On this record, no reasonable factfinder could infer that defendant had the specific intent to cause injury to legal rights or interests of A or her former students.[4] Therefore, the trial court erred in denying defendant's motion for judgment of acquittal.
Reversed.

As noted, defendant was charged with identity theft based on intent to defraud, but not based on intent to deceive. That critical charging decision imposes a different and much more difficult burden on the state on these facts.

We note that the Supreme Court, in the course of construing "intent to deceive" in ORS 165.800(1), has held that the legislature added "intent to deceive" to the identity theft statute in 2001 for the purpose of providing language broader in meaning than "intent to defraud." State v. Medina , 357 Or. 254, 264, 355 P.3d 108 (2015) ("The legislative history of the 2001 amendment makes clear that the legislature understood that, in adding 'intent to deceive,' it was expanding the reach of the identity theft statute."). That is, the "statute, as amended [to add "intent to deceive"], was not limited to an intent to defraud (to obtain a 'pecuniary gain or financial gain') but applied to deception for the purpose of obtaining any unwarranted advantage."Id .

Contrary to the view expressed in the dissent, 291 Or.App. at ----, ----, 418 P.3d at ----, ---- (Allen, J. pro tempore, dissenting), our view of the evidence does not depend on defendant's description of his intent. It was the state's burden to present evidence that was legally sufficient to support an inference that defendant's intent was to defraud and, as indicated, we have evaluated all of the evidence to make that assessment.