364 May 6, 2026 No. 389

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESSE LAWRENCE McBEE,
*Defendant-Appellant.*

Clackamas County Circuit Court
24CR21722; A184951

Katherine E. Weber, Judge. (Judgment dated June 28, 2024, and May 14, 2025)

Cody M. Weston, Judge. (Judgments dated August 19, 2024)

Submitted March 3, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals a judgment of conviction for identity theft, first-degree theft, second-degree criminal mischief, and unlawful entry into a motor vehicle. In his only assignment of error, defendant contends that the trial court erred when it denied his motion for a judgment of acquittal (MJOA) as to the identity theft charge. Because we conclude that the evidence was sufficient to infer that defendant acted with an intent to deceive or defraud, we affirm.

A person commits the crime of identity theft if "the person, with the intent to deceive or to defraud, obtains, possesses, transfers, creates, utters or converts to the person's own use the personal identification of another person." ORS 165.800(1). "Intent to deceive within ORS 165.800 means deception for the purpose of obtaining any unwarranted advantage." *State v. Funrue*, 339 Or App 427, 438, 568 P3d 1023 (2025) (internal quotation marks omitted). "Defraud, in this context, means to obtain something of value through misrepresentation." *Id.* And "personal identification," as used in ORS 165.800, includes a "credit card account." ORS 165.800(4)(b)(H).

Viewing the evidence in the light most favorable to the state, we conclude that the trial court correctly denied defendant's MJOA on the identity theft charge. *See State v. Demby*, 347 Or App 780, 781, ___ P3d ___ (2026) ("[W]e view the evidence in the light most favorable to the state to determine if the state presented sufficient evidence from which a rational trier of fact, making reasonable inferences, could find the essential elements of the crime beyond a reasonable doubt." (Internal quotation marks omitted.)). Defendant possessed both the victim's driver's license and two of his "Home Depot account cards" after the victim's wallet and various tools were stolen out of the victim's vehicle, and some of the cards from the stolen wallet—although not the Home Depot account cards—had been used without the victim's permission. Further, as the state noted in the trial court and notes on appeal, the stolen cards were found in defendant's possession along with other stolen property, including tools stolen from a different victim.

In our view, given the nature and number of stolen cards in defendant's possession in this case, and the circumstances within which they were found, the trial court did not err in denying defendant's MJOA. *See State v. Elliott*, 249 Or App 208, 211-12, 275 P3d 184 (2012) (considering "the circumstances surrounding" defendant's theft and possession of credit cards in concluding that the trial court did not err in denying defendant's MJOA, and noting that the record included testimony that stolen credit cards are "very easy" to use for identity theft); *see also State v. Hodges*, 269 Or App 568, 573-74, 345 P3d 516, *rev den*, 357 Or 595 (2015) (concluding the trial court did not err in denying defendant's MJOA in part because of the "quantity and quality of identity-related documents in defendant's possession"); *State v. King*, ___ Or ___, ___, ___ P3d ___ (May 6, 2026) (slip op at 5:11 - 6:5) (concluding the same in part because the defendant possessed "more than one person's identification, and more than one item from the same person," including "a driver's license and an electronic benefits card").

In arguing that the trial court erred when it denied his MJOA, defendant points to *State v. Martin*, 243 Or App 528, 534, 260 P3d 197 (2011), where we held that the "mere possession of [another's driver's license] is not by itself probative of an intent to use the card to deceive or defraud." The difficulty with defendant's reliance on *Martin* here is that defendant was not found in possession of just the victim's driver's license, but also his Home Depot account cards and the stolen tools. Consequently, we affirm.

Affirmed.