JAMES, J.
*470 Defendant appeals from a judgment of conviction for one count of third-degree robbery, ORS 164.395. On appeal he assigns error to the trial court's denial of his request for substitution of counsel. As we explain, while there may be some uncertainty around the effect of the trial court's response in relation to defendant's request to fire his court-appointed lawyer, it did not err in the manner in which defendant has raised on appeal. Accordingly, we affirm.
The facts underlying defendant's conviction are not relevant to the issue on appeal. Instead, for our purposes, the relevant facts are entirely procedural, and undisputed. Following his conviction, defendant proceeded to sentencing represented by the same attorney who handled his trial. At sentencing, defendant's court-appointed counsel informed the court that defendant wanted to ask the court for a new attorney. Defendant said that he wanted to fire his attorney because, in part, "[appointed counsel] has misrepresented me and lied to me on certain occasions about certain information and evidence that has been presented at trial."
The trial court provided an opportunity for defendant to elaborate on that concern. Defendant then stated that he was innocent, that he had had an unfair trial, that he should have proceeded with a jury trial, that he requested a lineup identification, that he should have obtained a polygraph test, and that he hoped they apprehended the true perpetrator.
The court denied defendant's request, stating:
"[THE COURT]: So I'm just trying to process what your requests are. I think I've heard them.
"I'm not going to fire [appointed counsel], but you don't have to use him. He's going to stand there and sit with you. And *59 he's at your disposal. You can not use him or use him."
Following that ruling by the court, defendant proceeded to sentencing. A review of the sentencing proceeding shows that counsel had essentially no participation. The prosecutor made a statement and sentence recommendation, *471 and the victim made a statement. Defense counsel offered no evidence, called no witnesses, and made no argument. In fact, the only response on the record from defense counsel came to the court asking him "Are you still working?" to which counsel replied:
"[DEFENSE COUNSEL]: Yeah. Just-
"[THE COURT]: Do you want to make a statement on his client's behalf, or does he want you to?
"[DEFENSE COUNSEL]: I don't know if he does."
The court ultimately imposed a sentence of 26 months' incarceration and 24 months' post-prison supervision. This appeal followed. On appeal, defendant raises a single assignment of error, arguing that the trial court erred in denying his motion for substitution of counsel.[1] Specifically, defendant argues on appeal that the trial court erred in failing to make a record showing that the trial court sufficiently "heard and considered" defendant's argument. Additionally, defendant argues that the complaints raised by defendant required, as a matter of law, substitution of counsel. The state responds that a trial court has discretion whether or not to conduct additional inquiry to properly understand the nature of the allegations underlying a substitution of counsel request and that, in this case, the trial court acted within its discretion in declining to inquire further. Finally, the state argues that defendant's claims did not require substitution of counsel and the trial court acted within its discretion in denying the motion. We agree with the state.
An indigent criminal defendant's right to court-appointed counsel is guaranteed by Article I, section 11, of the Oregon Constitution, and by the Sixth Amendment to the United States Constitution. Gideon v. Wainwright , 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed. 2d 799 (1963) ; Krummacher v. Gierloff , 290 Or. 867, 871-72, 627 P.2d 458 (1981). "A defendant's constitutional rights are to adequate and effective assistance of counsel; thus 'the defendant's right is not just to a lawyer in name only, but to a lawyer who provides adequate assistance.' "
*472 State v. Vierria , 278 Or. App. 656, 665, 379 P.3d 667 (2016) (quoting State v. Smith , 339 Or. 515, 526, 123 P.3d 261 (2005) ).
That right to counsel, however, does not equate to a right to court-appointed counsel of defendant's choosing. State v. Langley , 351 Or. 652, 663-64, 273 P.3d 901 (2012). A defendant moving to substitute court-appointed counsel "has no right to new appointed counsel in the absence of a legitimate complaint about existing counsel," and "a trial court ruling on a motion to substitute counsel will be reviewed for abuse of the trial court's discretion." Smith , 339 Or. at 523, 123 P.3d 261.
For the trial court, "determining the legitimacy of any complaint about appointed counsel is case-and fact-specific." Id . at 525, 123 P.3d 261. In furtherance of its consideration of the circumstances of the case, the trial court possesses discretion to determine the scope of the inquiry necessitated by a particular complaint. Id . at 529-30, 123 P.3d 261 (refusing to hold that the complaints in that case "require[d] the trial court independently to 'inquire' and to make a 'factual assessment' based on that inquiry regarding the adequacy of appointed counsel").
In this case, the trial court provided defendant an opportunity to elaborate on his concerns with counsel, to which defendant said:
"I feel like I've had an unfair trial. And you're the judge and you make the decision, but maybe I should have made better decisions, like going to jury trial and not before certain things in this case, like me not to get a lineup or-or a polygraph test."
Our review of this record shows that defendant's concerns were primarily regarding what he perceived to be unfairness at *60 trial and what he viewed as an incorrect verdict, not the airing of concrete concerns about the present performance of counsel. In the context of this case, defendant's statements did not obligate the trial court to inquire further, and the trial court did not abuse its discretion in failing to do so. Similarly, the concerns expressed by defendant did not state a "legitimate complaint concerning [appointed counsel]" that might rise to the level of requiring *473 substitution. State v. Langley , 314 Or. 247, 257, 839 P.2d 692 (1992), adh'd to on recons , 318 Or. 28, 861 P.2d 1012 (1993). Accordingly, the trial court was within its discretion to deny the motion for substitution.
We do note, however, that the phrasing of the trial court's ruling on defendant's motion to substitute counsel created uncertainty as to the role counsel was to play. On the one hand the trial court said, "I'm not going to fire [defense counsel]," indicating a denial of the motion. But, the court then immediately told defendant, "[Y]ou don't have to use him. He's going to stand there and sit there with you. And he's at your disposal. You can not use him or use him." From that statement, defendant might well have believed he now represented himself, with his former counsel acting merely as an attorney advisor. The uncertainty of the situation is underscored by the trial court itself when it asked counsel, "Are you still working?" On this record, it is not clear that anyone-defendant, defense counsel, nor the court itself-knew precisely what role defense counsel was then playing at sentencing.
The Article I, section 11, right to counsel may be waived. State v. Wagner , 305 Or. 115, 208, 752 P.2d 1136 (1988) (Linde, J., dissenting), vac'd on other grounds sub nom Wagner v. Oregon , 492 U.S. 914, 109 S. Ct. 3235, 106 L.Ed. 2d 583 (1989). However, we will not presume a valid waiver from a silent record. State v. Grenvik , 291 Or. 99, 102, 628 P.2d 1195 (1981) abrogated on other grounds by State v. Probst , 339 Or. 612, 124 P.3d 1237 (2005). "[A] trial court may accept a defendant's proffered waiver of counsel only if it finds that the defendant knows of his or her right to counsel and, if indigent, of his or her right to court-appointed counsel, and that the defendant intentionally and voluntarily relinquishes that right." State v. Meyrick , 313 Or. 125, 133, 831 P.2d 666 (1992).
"A colloquy on the record between the court and the defendant wherein the court, in some fashion, explains the risks of self-representation is the preferred means of assuring that the defendant understand the risks of self-representation. The more relevant information that a trial court provides to a defendant about the right to counsel and about the dangers and disadvantages of self-representation, the more *474 likely it will be that a defendant's decision to waive counsel is an intentional relinquishment or abandonment of a known right or privilege and that the record will so demonstrate."
Id.
If the effect of the trial court's ruling in this case was to have defense counsel proceed as advisory counsel, it is indisputable that any such waiver of counsel occurred without a proper Meyrick colloquy. However, that issue has not been raised on appeal, and we therefore take no position on the matter.
Affirmed.

Defendant raises additional pro se assignments of error that we reject without discussion.