Submitted July 2, reversed and remanded for resentencing August 19, petition for review denied November 19, 2020 (367 Or 257)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JONAH MICHAEL FULLERTON,
*Defendant-Appellant.*

Deschutes County Circuit Court
12FE0583; A169177

471 P3d 823

Stephen P. Forte, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Jonah Fullerton filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded for resentencing.

## PER CURIAM

We previously affirmed defendant's conviction and remanded this case for an entry of judgment merging the verdicts on two counts of first-degree sexual abuse into one conviction and for resentencing. *State v. Fullerton*, 289 Or App 764, 408 P3d 275, *rev den*, 362 Or 860 (2018). On appeal, defendant seeks another remand because the resentencing court denied his request to be represented by counsel at the resentencing hearing.

Before the resentencing hearing, defendant moved for appointment of substitute counsel and, at his request, counsel moved to withdraw. The court denied counsel's motion to withdraw by written order. At the hearing, the court rejected defendant's renewed request for substitute counsel but granted counsel's renewed motion to withdraw. Then, the court ordered defendant's former counsel to serve as defendant's legal advisor and proceeded to resentence defendant. On appeal, defendant contends that requiring defendant to proceed to resentencing *pro se* violated his right to counsel under the state and federal constitutions. Further, he argues that a violation of the right to counsel under the Sixth Amendment to the United States Constitution is "structural error" requiring reversal. *United States v. Gonzalez-Lopez*, 548 US 140, 149, 126 S Ct 2557, 165 L Ed 2d 409 (2006) (holding that a trial court's erroneous deprivation of a defendant's Sixth Amendment right to counsel of choice is a structural error that requires reversal).

For the following reasons, the state concedes. First, the state agrees with defendant that a legal advisor, presumably appointed under ORS 135.045(1)(d), is not "counsel" for purposes of the state and federal constitutional rights to counsel.[1] *Cf. State v. Olson*, 298 Or App 469, 473-74, 447 P3d 57 (2019) (recognizing that allowing an attorney to remain only as a legal advisor absent a valid waiver of counsel would be a violation of right to counsel). Second, the state agrees that the trial court violated defendant's right to counsel when it proceeded with the hearing despite defendant

---

[1] ORS 135.045(1)(d) provides that, "[i]f the court accepts a defendant's waiver of counsel, the court may allow an attorney to serve as the defendant's legal advisor and may *** appoint an attorney as the defendant's legal advisor."

being unrepresented by counsel and in the absence of his voluntary waiver of counsel. *See State v. Langley*, 351 Or 652, 667-68, 273 P3d 901 (2012) (determining that the defendant's request for new counsel coupled with refusal to be represented by current counsel did not constitute a knowing, intelligent, and voluntary waiver of right to counsel). Third, the state agrees that, in the absence of defendant's voluntary waiver of counsel, deprivation of the right to counsel constitutes structural error requiring reversal under the federal constitution regardless of whether the state constitution requires the same disposition.

We agree and accept the state's concession on its terms. We reject the arguments that were raised in the *pro se* supplemental brief because, as the state argues, some are beyond the scope of our review in this appeal, and the balance are now moot in view of our decision to reverse and remand for resentencing.

Reversed and remanded for resentencing.