Submitted February 11, affirmed March 9, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMEL TYQUAN DALEY,
*Defendant-Appellant.*

Clackamas County Circuit Court
19CR06617; A172464

506 P3d 502

Ann M. Lininger, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals from a judgment of conviction for multiple counts of sexual abuse in the first degree, ORS 163.427, raising three assignments of error. We reject without discussion the second and third assignments and write only to address the first. There, defendant challenges the trial court's denial of his request for substitute counsel. We review a request for substitute appointed counsel for abuse of discretion. *State v. Davis*, 345 Or 551, 579, 201 P3d 185 (2008), and on this record, affirm.

On the morning of defendant's July 2019 trial, defendant's counsel reported that defendant "wants a new attorney, he's not prepared for trial," and "he wants to make a motion for the Court for new counsel and a resetting of the trial date."

The trial court engaged in a lengthy colloquy with defendant, starting with asking why defendant wanted new counsel. Defendant explained that "there was a motion that was supposed to be * * * put in yesterday" but counsel "didn't show up"; he cited his disagreement with counsel over whether he should undergo a polygraph test or a "sex eval"; he expressed frustration over the limited contact he had had with counsel, noting that they had not had any "pre-trial * * * conference" and that counsel had "pop[ped] up" with a "plea offer"; and he said it felt like counsel was "just trying to get [him] to take a plea" rather than "help."

After listening to defendant, and inquiring of defense counsel, the court denied defendant's motion for substitute counsel, concluding that defendant's complaints about counsel failed to show that defendant lacked the "ability to have a full and fair defense provided[.]" It explained that, "while a defendant absolutely has a right to counsel," that is "not synonymous with a right to * * * micromanage counsel's decision making[.]" The trial court noted that defendant's counsel "has been busy filing some motions that would be anticipated" in a case like defendant's, and that "[t]here's no indication * * * that [counsel] has not been diligently pursuing representation" of defendant. The trial court also noted the late timing of defendant's motion, explaining that witnesses and the victim were "assembled" and present,

and that defendant's counsel had "reported that he's ready to proceed for trial[.]"

An indigent criminal defendant's right to court-appointed counsel is guaranteed by Article I, section 11, of the Oregon Constitution, and by the Sixth Amendment to the United States Constitution. *Gideon v. Wainwright*, 372 US 335, 83 S Ct 792, 9 L Ed 2d 799 (1963); *Krummacher v. Gierloff*, 290 Or 867, 871-72, 627 P2d 458 (1981). "The right to substitute counsel is not absolute." *State v. Heaps*, 87 Or App 489, 493, 742 P2d 1188 (1987) (citations omitted). The trial court has discretion regarding substitution of counsel. *Id.* A defendant has a right to replace court-appointed counsel with another only when she has a "legitimate complaint concerning the one already appointed for [her]." *State v. Langley*, 314 Or 247, 257, 839 P2d 692 (1992), *adh'd to on recons*, 318 Or 28 (1993) (internal quotation marks omitted). A "'legitimate complaint' *** is one that is based on an abridgement of a criminal defendant's constitutional right to counsel. The right to counsel requires adequate performance of an appointed lawyer's professional assistance." *Id.* at 258.

A trial court faced with a motion to substitute indigent counsel should engage in an inquiry into "'the legitimacy of any complaint about appointed counsel.'" *State v. Olson*, 298 Or App 469, 472, 447 P3d 57 (2019) (quoting *State v. Smith*, 339 Or 515, 526, 123 P3d 261 (2005)). Such an inquiry is, necessarily, case—and fact—specific. *Id.* The trial court "possesses discretion to determine the scope of the inquiry necessitated by a particular complaint," and the trial court's ruling on a motion to substitute counsel is reviewed for abuse of discretion. *Id.*

Substitute counsel is not required merely because a defendant disagrees with counsel's otherwise reasonable strategic choices; a "simple loss of confidence or disagreement with counsel's approach to matters of strategy is not cause to substitute one appointed lawyer for another." *Goodlette v. Causey*, 279 Or App 113, 115, 379 P3d 739 (2016) (quoting *Langley*, 314 Or at 258). Another factor that may be considered by the court in its exercise of discretion is the timing of the motion in relation to the trial date. *See Knox v. Nooth*,

244 Or App 57, 69, 260 P3d 562 (2011) (relying in part on the timing of motion in analyzing a similar question).

Applying those principles here, the trial court made a full and proper inquiry of both defendant and defense counsel. On this record, the trial court's denial of defendant's request for substitute counsel was within the bounds of discretion.

Affirmed.