***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted September 14, affirmed October 26, 2022, petition for review denied February 23, 2023 (370 Or 789)

### STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

### JERIMIE LEE LUNSFORD,
*Defendant-Appellant.*

Josephine County Circuit Court
19CR82678; A175224

Pat Wolke, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, Paul L. Smith, Assistant Attorney General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant appeals following a judgment of conviction for first-degree robbery, ORS 164.415 (Count 1); unlawful use of a weapon, ORS 166.220 (Count 2); and second-degree theft, ORS 164.045 (Count 3). Defendant brings forth two assignments of error on appeal, which both allege that the trial court abused its discretion when it denied defendant's requests for substitution of counsel, first immediately prior to trial and then immediately before sentencing. We review the trial court's ruling for an abuse of discretion and, as explained below, we conclude that the trial court's decision was well within the parameters of its discretion. Accordingly, we affirm.

Defendant initially sent the trial court a letter outlining various reasons for requesting a substitution of counsel. Defendant complained that his attorney had failed to share discovered materials with him and did not show him the video recordings of the incident. He explained that he and his family were attempting to secure a different attorney to try the case on his behalf. At the hearing on his motion, immediately prior to trial, defendant reiterated most of those concerns, except for admitting that he had received discovery from his attorney but that his "paperwork got messed up" because of flooding on his tier of the county jail. Additionally, he complained that he hadn't watched the videos or recordings and that defense counsel was not investigating his case properly.

Defense counsel explained that she had been sharing her discovery with defendant but did not know of the flood and damage to his discovery until "last week." Additionally, defense counsel refuted defendant's statement that he did not watch the videos, explaining that they had watched the videos together. The prosecutor pointed out that in monitored calls, defendant's family disclosed that the defense investigator had contacted them. With regard to defendant's claim that he or his family had made efforts to secure another attorney, the prosecutor disclosed that no such efforts were discussed in any of the monitored telephone calls over the course of months between the last scheduling

hearing and the hearing on the motion for substitution. In response to defense counsel and prosecutor's points, defendant voiced his frustration and anxiety at his situation.[1] The trial court denied defendant's request and attempted to ease defendant's anxiety by assuring him of his attorney's qualifications.[2]

At the start of the sentencing hearing, defendant renewed his request for substitution of counsel, recounting the timing of his letter near the beginning of his trial. Defendant argued that defense counsel had refused to let him testify, pick his own jury, call his witnesses to the stand, or file any motions on his own behalf regarding evidence of previous bad acts. The trial court again denied defendant's request for substitution of counsel, explaining the array of evidence against him and lauding the work of defense counsel throughout the trial.

In his first assignment of error, defendant argues that, based on the trial court's explanation of its ruling on defendant's first motion for substitution of counsel, the trial court had applied an incorrect legal analysis and had failed to properly evaluate defendant's complaints about his appointed counsel. However, defendant himself admitted that there was no factual basis for the claims he had made

---

[1]

"Alright, yeah, your correct, my last court date was in May, but since May until now, I haven't had a court date. I haven't had anybody to talk to other than [defense counsel], and I didn't know what to do. My paperwork was destroyed. I—yes she says that we watched the videos together. She watched the videos, your Honor. I—I have stigmatisms in both my eyes, and I have a really hard time seeing, and if you see—you think staring between a partition with glass, like a nine-by-nine laptop screen, and—then the—the video is like two-by-two, how am I supposed to see that? How am I supposed to— and if I can't read all of my—my discovery, and I don't know all the evidence against me, that's against—that's—I have a right to know that. I have a right to see that."

[2]

"Okay, well I'm going to deny your request, and the reason being is that I think of all the attorneys in Josephine County that come to court, [defense counsel] is probably in court more often than anybody else. She's a very experienced and good trial attorney. If it—if I were to grant your request and you had a brand new attorney, it would be the total luck of the draw, and I—I really believe that you would be—you'd have a different and maybe less qualified attorney than you do right now. I think you have a good attorney, so your request is denied."

requesting substitute counsel, because he had received all of the discovery, and defense counsel had reviewed the videos with him.

A defendant "has no right to new appointed counsel in the absence of a legitimate complaint about existing counsel[.]" *State v. Smith*, 339 Or 515, 523, 123 P3d 261 (2005). A loss of confidence, frustration with the developments in a case, and the anxiety over strategy immediately prior to trial do not rise to the level of a legitimate complaint about appointed defense counsel. *State v. Langley*, 314 Or 247, 258, 839 P2d 692 (1992); *State v. Henry*, 315 Or App 169, 176, 499 P3d 863 (2021), *rev den*, 369 Or 211; 369 Or 856 (2022). The extent of the trial court's inquiry is fact-dependent, and the trial court has broad discretion "to determine the scope of the inquiry necessitated by a particular complaint." *State v. Olson*, 298 Or App 469, 472, 447 P3d 57 (2019).

In rejecting defendant's request to substitute counsel before trial, the trial court made appropriate inquiry of defendant, defense counsel, and the prosecutor. In the end, defendant admitted his misstatements. The trial court recognized the anxiety that drove defendant's arguments and attempted to alleviate it. We reject the contention that the court's comments expressed a legal theory or that, in denying the motion, the court did not determine whether defendant's complaints were legitimate; rather the court's statements were in response to defendant's arguments. Therefore, we reject the first assignment of error.

In his second assignment of error, defendant argues that the trial court abused its discretion when it denied his request for substitute counsel at sentencing because the court did not determine whether defendant's complaints were legitimate.

Defendant complained that his attorney had "refused to call any of my witnesses," that she forbade him from testifying, that she refused to ask questions of witnesses that he had proposed, and that she made no objections in the trial. The court's inquiry at sentencing was significantly different from the inquiry before trial, because the court had observed the trial and defense counsel's performance. Specifically, the court had observed defense counsel's responsiveness to

defendant's questions of witnesses. The court had conducted a colloquy with defendant about his right to testify on his own behalf, and defendant had acknowledged that the decision on whether or not to testify was his own.

The court had sufficient information to rule on defendant's motion and on which to base the conclusion that defendant again failed to raise a legitimate complaint about defense counsel's performance. Thus, the trial court did not abuse its discretion in denying defendant's second motion to substitute counsel. *See Henry*, 315 Or App at 176.

Affirmed.