***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted December 20, 2022, affirmed September 27, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RONALD ANTHONY WHITE, JR.,
*Defendant-Appellant.*

Klamath County Circuit Court
20CR28320; A175599

Alycia E. Kersey, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals from a judgment of conviction for unlawful use of a weapon constituting domestic violence, ORS 166.220, and fourth-degree assault constituting domestic violence, ORS 163.160. In his sole assignment of error, he argues that the trial court abused its discretion in denying his third motion to substitute counsel. For the following reasons, we affirm.

Defendant's convictions arise out of a domestic dispute. Prior to the motion at issue in this appeal, defendant had twice moved for substitution of appointed counsel. Those motions were granted, and defendant was proceeding with his third attorney. On the day before trial, defendant again requested substitute counsel. When asked what was wrong, defendant stated,

> "I'm ready to just get this over with. *** [A]nd [trial counsel] told me, you know, he was going to push forward for me having time served and classes and things like that.

> "But then he comes back and tells me, *** they took this offer off of the table, but *** I was confused, basically. I did see the offer, but *** he told me he was going to do something, didn't do it and then now we're, you know, going to trial."

Defense counsel responded to that concern and explained that the plea offer had been withdrawn due to an error in defendant's criminal history score assessment. Counsel thought the problem was a "trust issue" but did not believe there was a reason for counsel himself "to ask to be taken off the case."

The trial court denied defendant's request for new counsel, stating "you're not getting another attorney. You've already had two. This is your third. This is your last attorney. He is quite capable. He has tried a million cases. And you're not getting a new attorney."

On appeal, defendant argues that the trial court abused its discretion because it did not apply the correct legal analysis; specifically, that the trial court failed to determine whether defendant's complaint was legitimate, and, if so, whether it warranted appointing a new attorney.

Defendant asserts that the trial court impermissibly based the denial on the number of attorneys. The state takes the position that defendant's claim is unpreserved because he did not raise an argument regarding a legal error to the trial court after it denied his motion.

We review a trial court's denial of a criminal defendant's motion for substitution of counsel for abuse of discretion. *State v. Olson*, 298 Or App 469, 472, 447 P3d 57 (2019). If the trial court's decision was within the range of legally permissible discretionary choices and produced a legally correct outcome, the trial court did not abuse its discretion. *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000).

Assuming without deciding that the entirety of defendant's claim is preserved, the record does not show any abuse of discretion on the trial court's part. Contrary to defendant's assertion, the trial court did not impermissibly base its ruling solely on the fact that this was defendant's third request for new counsel. Instead, the trial court gave defendant a chance to explain why he wanted a new lawyer. After defendant indicated that he was confused by the current posture of his case, the trial court gave counsel an opportunity to clarify that the plea offer had been withdrawn because of an error in calculating defendant's criminal history. Nothing in defendant's statement or counsel's clarification established a situation in which new counsel was required. At most, it indicated that defendant did not fully trust his attorney, which is not a basis to substitute appointed counsel. *See State v. Langley*, 314 Or 247, 258, 839 P2d 692 (1992) (explaining that a "legitimate complaint about a court-appointed lawyer is one that is based on an abridgement of a criminal defendant's constitutional right to counsel" (internal quotation marks omitted)). Given that a trial court has no "affirmative duty to conduct an inquiry and make a factual assessment in response to defendant's complaints about appointed counsel," the trial court's approach here appropriately "engag[ed] in such inquiry as the nature of defendant's complaints require[d]." *State v. Smith*, 339 Or 515, 525, 530, 123 P3d 261 (2005).

To be sure, in denying the substitution motion the trial court mentioned that defendant "already had two" prior

attorneys and that he was on his third. But given the trial court's invitation to defendant to explain why he wanted new counsel, the problem that defendant identified, and the clarification by counsel, the court's reference to the number of prior attorneys does not indicate that it failed to apply the correct legal analysis or otherwise abused its discretion in denying the motion. Further, the law allows the trial court to take into account all known circumstances when determining whether to grant a motion for substitution of counsel, which here included defendant's prior substitution motions. *See State v. Vierria*, 278 Or App 656, 665, 379 P3d 667 (2016) (explaining that it is within a trial court's discretion to weigh what the defendant put before it in light of all the other known circumstances).

Affirmed.